**Norfolk**

OSIE H. GAY, JR.

v.

COMMONWEALTH OF VIRGINIA

No. 1562-88-1

Decided April 24, 1990

COUNSEL

Osie H. Gay, Jr., pro se.

Thomas C. Daniel, Assistant Attorney General (Mary Sue Terry, Attorney General, on brief), for appellee.

OPINION

**BARROW, J.**—In this appeal we hold that the Virginia Beach Circuit Court has jurisdiction to try a defendant charged with speeding on Little Creek Naval Amphibious Base, a United States Naval base located in the cities of Virginia Beach and Norfolk. The defendant was driving on this base when he was stopped for speeding by a base police officer and issued a summons to appear in the Virginia Beach General District Court. His conviction in that court was appealed to the Virginia Beach Circuit Court where he was tried *de novo* and again convicted.

■ The power to make laws necessary for federal military facilities "purchased by the consent of the legislature of the state in which the same shall be" is vested in the United States Congress. U.S. Const., art. I, § 8. Federal jurisdiction is exclusive of all state authority over lands acquired in this fashion. *United States v. Unzeuta*, 281 U.S. 138, 142 (1930).

■ Another rule, however, applies to lands acquired differently. *Id.* When the United States acquires land by a state ceding its jurisdiction, the state may impose "conditions which are not inconsistent with the carrying out of the purpose of the acquisition." *Id.*

The Little Creek Amphibious Base was acquired by the United States, not under the provisions of article I, § 8 of the United States Constitution, but under the provisions of title 3, chapter 4, § 19, Va. Code of 1942, a state cession statute. Letter from A. L. Gates, Acting Secretary of the Navy, to the Honorable Colgate W. Darden, Jr., Governor of Virginia (February 7, 1944). The land was accepted by the United States "in the manner and form granted and ceded by § 19, chapter 4, title 3, Virginia Code of 1942." *Id.*

Under the provisions of that cession statute, Virginia retained concurrent criminal jurisdiction. The statute specifically ceded only "concurrent jurisdiction, legislative, executive and judicial, with respect to the commission of crimes[1] and the arrest, trial and punishment therefor." Virginia Code of 1942, title 3, chapter 4, § 19. We conclude, therefore, that the Commonwealth of Virginia retained concurrent jurisdiction over the Little Creek Amphibious Base for the enforcement of laws regarding traffic infractions. *See also Opinion of Attorney General to the Honorable Paul A. Sciortino,* July 13, 1988. The Virginia Beach Circuit Court, consequently, had jurisdiction to convict the appellant for a speeding violation while on that naval base.[2] The judgment of conviction is affirmed.

*Affirmed.*

Koontz, C.J., and Baker, J., concurred.

---

[1] When the Little Creek Naval Base was acquired by the United States, traffic offenses were considered crimes in Virginia. Chapter 342, 1932 Va. Acts at 613, 670-71.

[2] The appellant also contends that the base police officer had no authority to issue a summons and that venue was improper. However, the record does not reflect that these issues were addressed to the trial court; therefore, they may not now be considered as a basis for reversal. Rule 5A:18.